

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 19, 1951

Hon. C. D. Wright
County Attorney
Briscoe County
Silverton, Texas

Dear Sir:

Opinion No. V-1206.

Re: Whether citations in delin-
quent tax suits should be
accompanied by a copy of
the petition.

You request our opinion with reference to whether a citation in a delinquent tax suit should be accompanied by a copy of the plaintiff's petition.

Rule 101, Tex. Rules Civ. Proc., provides that a citation "shall be accompanied by a copy of plaintiff's petition." Rule 106 provides that "the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

However, Rule 117a, which was promulgated by order of August 18, 1947, and became effective December 31, 1947, controls the form of citation in delinquent tax suits. Rule 117a provides, in part:

"In all suits for collection of delinquent ad valorem taxes, the rules of civil procedure governing issuance and service of citation shall control the issuance and service of citation therein, except as herein otherwise specially provided." (Emphasis added.)

Subdivision 1 of said rule reads as follows:

"Where any defendant in a tax suit is a resident of the State of Texas and is not subject to citation by publication under subdivision 3 below, the process shall conform substantially to the form hereinafter set out for personal service and shall contain the essential elements and be served and returned and otherwise regulated by the provisions of Rules 99 to 107, inclusive."

Subdivision 2 thereof provides:

"Where any such defendant is absent from the State or is a nonresident of the State and is not subject

to citation by publication under subdivision 3 below, the process shall conform substantially to the form hereinafter set out for personal service and shall contain the essential elements and be served and returned and otherwise regulated by the provisions of Rule 108."

Subdivision 4 reads in part as follows:

"Any process authorized by this rule may issue jointly in behalf of all taxing units who are plaintiffs or intervenors in any tax suit. The statement of the nature of the suit, to be set out in the citation, shall be sufficient if it contains a brief general description of the property upon which the taxes are due and the amount of such taxes . . . Such citation need not be accompanied by a copy of plaintiff's petition and no such copy need be served." (Emphasis added.)

Subdivision 6 of said rule provides a form of citation by personal service either in or out of the State, and this form does not provide that a copy of plaintiff's petition should be attached thereto or accompanied therewith.

It is our opinion that Rule 117a creates an exception to the above quoted portions of Rules 101 and 106 and that citations in suits for delinquent ad valorem taxes need not be accompanied by a copy of plaintiff's petition. A like result was reached with reference to citations in personal property tax suits. Att'y Gen. Op. V-1120 (1950).

## SUMMARY

Citations in delinquent tax suits need not be accompanied by a copy of plaintiff's petition. Rule 117a, Rules of Civil Procedure.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By W. V. Geppert

W. V. Geppert
Assistant

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

WVG/mwb